503 A.2d 1379

**G & H CLEARING AND LANDSCAPING et al.**

**v.**

**David G. WHITWORTH, Jr.**

**No. 649, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Feb. 7, 1986.

Melissa Rhea, Washington, D.C. and Richard M. McGill, Rockville, for appellants.

Marc Seldin Rosen (Read K. McCaffrey and Whiteford, Taylor, Preston, Trimble & Johnston, on brief), Baltimore, for appellee.

Argued before GILBERT, C.J., and WILNER and ROBERT M. BELL, JJ.

WILNER, Judge.

On November 15, 1983, appellants—a partnership, its two partners, and the wife of one of the partners—filed a three-count declaration against appellee in the Circuit Court for Anne Arundel County.

Count One alleged that appellee was an attorney "licensed" to practice law in Maryland, that in 1978 he was employed to represent the partnership and its partners in an action filed in the Superior Court of the District of Columbia, that he "negligently failed to take all steps to fully represent [appellants], and more particularly negligently failed to file certain pleadings required to be filed by the Rules of the Court ...," and that, as a result of that negligence, appellants sustained certain financial loss. Count Two incorporated the allegations of Count One, but added that appellee "negligently advised [appellants] to sign certain documents thereby exposing [them] to unnecessary risk of loss of their personal and real property"; as a result, appellants "were subjected to unnecessary legal process" and suffered certain other financial loss.

Count Three appeared to charge appellee with fraud. After incorporating the averments of Counts One and Two, it alleged that appellee represented to appellants

"that certain documents signed by them were a formality, and would not expose them or either of them to risk of loss of real property, although the statements and representations made by [him] as alleged hereinabove were known to [be] false and fraudulent by [appellee] at the time they were made by [him]."

Count Three further asserted that appellants relied on appellee's representations, that they had a right to rely on them, that, had they known the truth, they would not have signed the documents, and that, as a result of signing the documents, they suffered financial loss.

Appellee responded to this declaration with a motion to dismiss under Md.Rule 2–322,[1] claiming (1) the issuance of process—more particularly, the clerk's reissuance of process—was faulty, (2) by reason of the reference in Count One to 1978, the claims were barred by limitations, and (3) because each count "is so very vague and ambiguous," appellee was unable to frame an answer. "Specifically," he urged, "the defects contained in each of the Counts are, that no dates are mentioned in either Counts II or III, no specific facts are alleged in any of the Counts concerning the alleged torts of negligence and/or defamation [*sic* ] and no details of any kind are alleged concerning the legal services involved and/or the relationship involved as between the parties."

At a hearing on this motion, the court decided that there was no impropriety in the issuance of process and so rejected the first ground raised in appellee's motion. It also determined, however, that the declaration was vague, both in terms of the alleged conduct complained of and when that conduct occurred. In their argument on the motion, appellants asserted that appellee's employment continued into 1981, an averment not reflected in the declaration but

---

1. Although the declaration was filed in November, 1983, service of process was not effected until August, 1984. The motion to dismiss was filed in September, 1984, and thus is governed by the new Rules that took effect July 1, 1984.

possibly critical with respect to the defense of limitations. In response to a question by the court, counsel for appellee indicated that he filed a motion to dismiss rather than a motion for more definite statement (Md.Rule 2–322(d)) because of the possibility that the claim was barred by limitations.

█ The court ultimately decided to grant the motion with 15 days leave to amend, a period appellants' counsel said would be adequate. For whatever reason, however, appellants failed to file an amended complaint within the time allotted, and so, on February 19, 1985, an order was filed dismissing the case with prejudice. This appeal ensued, in which appellants argue that their declaration "contained sufficient facts to support a cause of action for each count." [2] Unfortunately for appellants, that is not the issue before us.

As noted, appellee's motion to dismiss sought to raise three defenses—a procedural irregularity in the clerk's reissuance of summons, limitations apparent on the face of the declaration, and such vagueness in the pleading as to render appellee unable to frame an answer. We are not concerned with the first of those defenses, for it was rejected by the court. It is important, in considering the other two, to look at how they were presented to and treated by the court.

Under the pre-1984 Rules, there was some difference between law and equity as to how a defendant could raise a limitations defense. In an action at law, Rule 342 required limitations to be specially pled. Unless the time within which the action had to be filed was an element of the cause of action itself—part of the right to sue—rather than mere-

---

2. After entry of the February 19 order, appellants attempted to file an amended complaint, and a flurry of motions, including motions to strike or revise that order, ensued. As none of the motions to revise were filed within 10 days of the order, the time for appeal was not stayed. This appeal was noted before any of those motions were decided, and, as a result, the court ultimately denied the motions for lack of jurisdiction. *See Tiller v. Elfenbein,* 205 Md. 14, 106 A.2d 42 (1954). *No complaint is made in this appeal about that action.*

ly a condition to the remedy, that defense could not be raised by demurrer. The rationale for that doctrine was that "in an ordinary suit at law in which limitations go to the remedy rather than the right to a cause of action, it is not necessary for the plaintiff to anticipate the defense of limitations and plead facts in avoidance thereof in stating his cause of action." *Hoover v. Williamson*, 236 Md. 250, 256, 203 A.2d 861 (1964).

In equity actions, Rule 371b permitted any defense which appeared "on the face" of the bill or petition to be raised either by demurrer or answer. Thus, in an equity case, "if the pleading of the plaintiff show[ed] on its face that the bar of time is applicable, limitations [could] be raised by demurrer." *Hoover*, 236 Md. at 256, 203 A.2d 861. Otherwise, the defense had to be raised by answer.

With the merger of law and equity procedure, the new Rules, unfortunately, are not quite so clear in this regard. Under Rule 2–323(g), "statute of limitations" is an affirmative defense, to be raised in an answer to the complaint. To the extent that the matter is governed by that Rule, the defense still must be specially pled, the difference, in a law case, being that the paper in which it is to be set forth is denominated an answer rather than a plea. *Compare* the sample form answer in Niemeyer & Richards, *Maryland Rules Commentary*, 155–56, *with* former Md. Rules Appendix of Forms, Form 11. What is not so clear is whether the broad direction that "statute of limitations" be raised as an affirmative defense in an answer was intended to preclude its being raised in a motion to dismiss where the bar is either part of the cause of action or is apparent on the face of the complaint.

Both Md. Rule 2–322(b), permitting the defense of "failure to state a claim upon which relief can be granted" to be raised by motion to dismiss, and Md. Rule 2–323(g), making limitations an affirmative defense to be raised in an answer, were derived from the Federal Rules of Civil Procedure—Rules 12(b) and 8(c), respectively. The Federal practice in

this regard is therefore relevant. That practice, at least from the more recent cases, is that the defense of limitations may be raised by motion to dismiss when the time bar is apparent on the face of the complaint. *See Conerly v. Westinghouse Electric Corp.*, 623 F.2d 117 (9th Cir.1980); *Munshi v. New York University*, 528 F.Supp. 1088 (S.D.N. Y.1981); *Hendrickson v. Buchbinder*, 465 F.Supp. 1250 (S.D.Fla.1979). *See generally* 2A *Moore's Federal Practice* ¶ 12.10; 5 Wright & Miller, *Federal Practice and Procedure* § 1277.[3]

■ We see nothing in the "legislative" history of Rules 2–322(b) or 2–323(g) that would dictate a different result. If the time bar—whether part of the cause of action itself or merely a condition to the remedy—is apparent on the face of the complaint, the complaint would indeed fail to state a claim *upon which relief can be granted.* A motion to dismiss would therefore be an appropriate, although not a mandatory, way in which to assert that defense. *See Antigua Condominium Association v. Melba Investors Atlantic, Inc.*, 65 Md.App. 726, 501 A.2d 1359 (1986).

■ That is not the case, however, with respect to complaints about vagueness. Unless the complaint actually omits essential elements of the cause of action or is so utterly vague or deficient in articulation as not to allege a cognizable cause of action, the proper method for complaining about vagueness is a motion for more definite statement, not a motion to dismiss. *See Sisk v. Texas Parks and Wildlife Dept.*, 644 F.2d 1056 (5th Cir.1981); *Frito-Lay, Inc. v. WAPCO Constructors, Inc.*, 520 F.Supp. 186 (M.D.La.1981); *Mueller v. Rayon Consultants, Inc.*, 170

---

**3.** Moore, indeed, goes further, stating that "[e]ven where the defect does not appear on the face of the complaint, the defendant should be able to raise it by motion to dismiss accompanied by affidavits or other material, which Rule 12(b) permits the court to treat as a motion for summary judgment. If there is a question of fact as to the existence of the defense, the issue cannot be determined on affidavits." 2A *Moore's Federal Practice* ¶ 12.10, at pp. 12–85 to 12–87 (footnotes omitted).

F.Supp. 555 (S.D.N.Y.), *application for leave to appeal denied* (2d Cir.), *petition for rehearing en banc denied* 271 F.2d 591 (2d Cir.1959); *Rogers v. Dwight,* 145 F.Supp. 537 (E.D.Wis.1956), so construing F.R.C.P. 12. Md. Rule 2–322(d) provides that, "[i]f a pleading to which an answer is permitted is so vague or ambiguous that a party cannot reasonably frame an answer, that party may move for a more definite statement before answering." That was the very complaint made by appellee; as noted, his argument as to vagueness was simply that the declaration was too ambiguous to permit him to frame an answer. To the extent that complaint was valid—and, as we shall see, it was indeed valid—he was not entitled to have the declaration dismissed outright but only to have it amplified by a more definite statement.

That, we think, is the relief actually granted by the court. Viewing the declaration in the light of the colloquy that occurred during the hearing, it would appear that the court was not convinced that appellants had utterly failed to state a cognizable claim, but only that a number of important details as to what occurred and when were lacking, and that appellee was entitled to a better statement of the claims. Notwithstanding appellee's tactical decision to seek outright dismissal on the limitations issue, the court effectively treated the motion to dismiss as a motion for more definite statement and gave appellants an opportunity to remedy the deficiencies in their declaration by filing an amended complaint.[4]

---

**4.** The relevant colloquy was as follows:

"COURT: Seems to me I'm going to have to grant the Motion as to the Three Counts and give you leave to amend. I'm surprised there wasn't a Motion filed for a More Definite Statement rather than a Motion to Dismiss. Was there some reason why? Isn't that what you filed, a Motion to Dismiss?

MR. McCAFFREY [counsel for appellee]: Yes, Your Honor.

COURT: Wouldn't you think it would've been better to file a Motion to—for a More Definite Statement?

We see nothing inappropriate in that procedure. While the Maryland Rules have often been characterized as "precise rubrics," which indeed they are, there is some flexibility in their application, especially as to matters of form. Thus, as was formerly the case with demurrers, motions to dismiss may be treated as motions for summary judgment (*see* Md. Rule 2–322(b); *Pemberton v. Bethlehem Steel Corp.*, 66 Md.App. 133, 502 A.2d 1101 (1986)), and we see no reason why, in a proper case, such a motion cannot be treated as a motion for more definite statement.[5] Ordinarily, a court is free to grant a lesser form or amount of relief than that requested if it finds a basis for some relief but not that actually sought. The issue, then, is not whether the declaration sufficed to state one or more causes of action but whether it was so vague as to entitle appellee to a more definite statement of the claim.

---

MR. McCAFFREY: With the Limitations possibility, Your Honor. Frankly I didn't want a More Definite Statement. If I had a chance of—

COURT: You don't want a More Definite Statement?

MR. McCAFFREY: No.

COURT: All right. Well, here's what I'm going to do. I'm going to grant the Motion with leave to amend. How many days do you need to amend, sir?

MR. McGILL [counsel for appellants]: Your Honor, fifteen days would be fine.

COURT: All right, with fifteen days to amend. Now do you want me to put—do you want to put in the order the items that we need or do you think you understand it?

MR. McGILL: Your Honor, I don't think it has to be in the order.

COURT: All right, sir. Thank you very much for coming down. He'll prepare the order and I'll sign it when you have it done.

MR. McGILL: Yes, Your Honor.

COURT: So I'm grant[ing] the Motion on—as to the Three Counts and giving him fifteen days to amend, to the Plaintiff."

5. Although Md. Rule 2–322 is not entirely clear on the point, it would seem that leave to amend may, and in some instances should, be extended even where a pure motion to dismiss is granted. Under the former demurrer rule (Rule 345), leave to amend was to be liberally granted if the pleading deficiency was correctible, and that is also the practice under F.R.C.P. 12, from which Md. Rule 2–322 was derived. We see no indication that the Court of Appeals intended to change that practice.

■ Viewing the case in that context, we find no error in the court's action. It may be that, in alleging that appellee was retained as counsel, that he failed to file necessary pleadings, and that, as a result, appellants suffered financial loss, Count One minimally sufficed to state an action in negligence, although any such holding would be extremely generous to appellants. But even assuming *arguendo* that Count One does indeed so suffice, in light of the vague reference to 1978, appellee was certainly entitled to know when these acts or omissions allegedly occurred in order to determine whether to assert limitations as a defense.

Despite the incorporation into Count Two of "[a]ll of the allegations contained in Count One of this Declaration," thereby implying, if not actually stating, that Count Two also concerned the action in the District of Columbia, counsel informed the court that, except for the fact of appellee's employment, the factual bases of the two counts were unrelated. "It's a separate action," counsel argued, arising from acts performed in Maryland and having nothing to do with the proceeding in the District of Columbia. The court's response was an understatement: "Gee, we'd never be able to figure that one out, would we?" Count Three, according to counsel, also apparently arose out of acts committed in Maryland. It, too, we gather, was unrelated to the D.C. proceeding; whether it was connected with the activity complained of in Count Two is not clear. Given the reference to 1978 in Count One, limitations was an apparent issue in all three counts.

■ A defendant reading this Declaration would really have no way of knowing how properly to answer it. Appellee clearly was entitled to a more definite statement of the claim in all three counts. We construe the court's grant of the motion with leave to amend as the equivalent of an order under Rule 2–322(d) for appellants to supply the additional information. When they failed to do so within

the allotted time—15 days—dismissal with prejudice was an appropriate sanction.  *See* Rule 2–322(d).

JUDGMENT AFFIRMED;  APPELLANTS TO PAY THE COSTS.