Tao ENIOLA, et al.

v.

**LEASECOMM CORPORATION, et al.**

No. CIV.A. DKC 2002–0122.

United States District Court,
D. Maryland.

Aug. 7, 2002.

Tao Einola, Lanham, MD, pro se.

Vanilda Eniola, Lanham, MD, pro se.

Lawrence J. Gebhardt, Ramsay M. Whitworth, Gebhardt and Smith LLP, Baltimore, MD, for LeaseComm Corp.

Stanley Derwin Brown, Law Offices of Stanley Brown, Largo, MD, for Benjamin K. Nworgu.

James A. Johnson, Kenneth S. Knuckey, Semmes Bowen and Semmes, PC, Baltimore, MD, for Universal Savings. Bank.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this breach of contract and unfair trade practices case are 1) the motion of Plaintiffs to dismiss Defendant Benjamin K. Nworgu, 2) the motion of Defendant Leasecomm Corp. ("Leasecomm") to dismiss Plaintiffs' complaint pursuant to Fed. R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 12(b)(3), 3) the motion of Defendant Universal Savings Bank ("Bank") to dismiss for lack of subject matter jurisdiction, improper venue, bar by limitations, and failure to state a claim pursuant to Fed.R.Civ.P. 12(b), and 4) the motion by Plaintiffs for relief from the court's January 29, 2001, order dismissing Plaintiffs' earlier complaint.[1] The issues have been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For reasons that follow, the court shall grant Plaintiffs' motion to dismiss, deny Plaintiffs' motion for relief, and grant

---

1. Pursuant to the dictates of *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975), the clerk sent a letter to Plaintiffs, who are proceeding *pro se,* advising of the pendency of the motions to dismiss and their opportunity/responsibility to respond.

the motions to dismiss of Leasecomm and Bank.

## I. Background

This is not the first time this dispute arising out of the alleged breach of a lease agreement has been before this court. In November 1997, Leasecomm filed suit against Tao Eniola and Value City Thrift Store, Inc. in the Circuit Court for Prince George's County, Maryland, seeking damages for breach of contract and breach of guaranty. That action was dismissed due to the forum selection clause contained within the Leasecomm Lease Agreement. The court held that the forum selection clause is exclusive and mandatory in nature, requiring that any action arising under the lease agreement be filed in the state courts in Massachusetts. Subsequently, in January 1999, Eniola and his wife, Vanilda Eniola, filed suit against Leasecomm and others in state court in Maryland, seeking damages for alleged violations of the Consumer Protection Act, Truth in Lending Act, Fair Debt Collection Practices Act, negligence, strict liability, nuisance, misrepresentation, and a "spouse claim" identical to the one filed in the present action. After removal by Leasecomm to this court, the Plaintiffs' action was dismissed in a January 29, 2001, order due to the lease agreement's forum selection clause. Like the Circuit Court for Prince George's County before it, this court held that any actions arising under the lease agreement must be brought in state court in Massachusetts.

In February 2000, Leasecomm re-filed its previous suit against Tao Eniola and Value City in the District Court of Massachusetts, Woburn Division ("Massachusetts state court"), again seeking damages for breach of contract and breach of guaranty. Eniola defended these claims and filed counterclaims against Leasecomm for breach of contract, unconscionability, and insufficiency of process, seeking damages for attorney's fees and costs. After a full trial on the merits, the Massachusetts court entered judgment in favor of Leasecomm and against Eniola in the amount of $7,221.09, and ordered judgment in favor of Eniola on his counterclaim in the amount of $7,000.

The current action was filed on January 11, 2002, when Plaintiffs, proceeding *pro se*, filed this diversity action against Leasecomm, Nworgu, and Bank, seeking compensatory and punitive damages for the same conduct and transactions that were complained of by Eniola in the Massachusetts action. Bank filed a motion to dismiss on the grounds of lack of jurisdiction, improper venue, bar by limitations, and failure to state a claim. Leasecomm filed a motion to dismiss on the grounds of issue and claim preclusion. After these motions were filed, but before any Defendant answered, Plaintiffs filed a motion to dismiss Nworgu, which is opposed by both Leasecomm and Bank on the grounds that Nworgu is an indispensable party under Fed.R.Civ.P. 19(b). Finally, Plaintiffs have filed a motion for relief from the earlier judgment of this court.

## II. Standard of Review

A Rule 12(b)(6) challenge requires a court to accept all well-pled allegations of the complaint as true and to construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir.1997). Such a motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court, however, need not accept unsupported legal allega-

tions, *Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir.1989), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir.1979). Nevertheless, neither vagueness nor lack of detail is a sufficient ground on which to grant a motion to dismiss. *Hill v. Shell Oil ·Co.,* 78 F.Supp.2d 764, 775 (N.D.Ill.1999) (quoting *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985)).

### III. Analysis

#### A. *Motion for relief from judgment*

Plaintiffs move that the court vacate its January 29, 2001, order dismissing its previous lawsuit against Leasecomm pursuant to Md. Rule Civ, P. 3–535(b) on the ground that dismissal was obtained based on misrepresentation, fraud and misconduct. Rule 3–535(b) does not apply in the current case because, "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996), *citing Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *see also Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Therefore, Plaintiffs' motion will be analyzed under the analogous federal rule governing motions for relief from judgment, Fed. R.Civ.P. 60(b), which states, in pertinent part:

> the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic of extrinsic), misrepresentation, or other misconduct of an adverse party.... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The order Plaintiffs seek to vacate was entered on January 29, 2001, and their motion was not filed until on or about April 9, 2002, more than one year later. Accordingly, under Rule 60(b), Plaintiffs' motion for relief from judgment will be denied.

#### B. *Plaintiffs' motion to dismiss*

 Plaintiffs moved to dismiss Defendant Nworgu before any answer was filed and no party has moved for summary judgment. Fed R. Civ. P. 41(a)(1) states, in pertinent part: "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service of the adverse party of an answer or of a motion for summary judgment, whichever first occurs...." While Leasecomm and Bank seek to oppose this motion to dismiss pursuant to Fed.R.Civ.P. 19(b) on the ground that Nworgu is an indispensable party, Plaintiffs may dismiss Nworgu by right under Rule 41(a)(1) and do not need leave of court to do so. In effect, the dismissal took place when the motion was filed. Accordingly, the oppositions filed by Leasecomm and Bank are moot and Plaintiffs' motion to dismiss Nworgu will be granted.[2]

---

**2.** Bank argues in its motion to dismiss, and the court recognizes, that, because both Nworgu and Plaintiffs are Maryland residents, there was not complete diversity at the time the case was filed. In a diversity case,

diversity must be complete for the court to have subject matter jurisdiction. *Strawbridge v. Curtiss,* 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806). However, jurisdictional defects may be cured and complete diversity estab-

## C. Leasecomm's motion to dismiss

Leasecomm moves to dismiss on the ground that Plaintiff's claims should be barred by claim preclusion because they arise out of the same transaction and occurrence at issue in the action in Massachusetts.[3] However, Plaintiffs contend in their opposition that Leasecomm's assertion of claim preclusion is misplaced because they are not seeking to retry the Massachusetts action:

> The plaintiffs are not urging and/or requesting the Court to fully retry the Massachusetts action as the defendant's motion suggests. However, plaintiffs request is to acknowledge the difference of limitation of amount that can be awarded by the District Court in Massachusetts and the most that can be awarded by the Superior Court of the Commonwealth and to make the adjustment as the Court sees fit.

> Accordingly, plaintiffs are pleased with the outcome of the trial in the Commonwealth except for the award. Because plaintiffs damages as a result of Leasecomm's violations of the laws and the abuse suffered by plaintiffs are greater than the $7000.

Paper no. 16, at 9–10. Essentially, then, Plaintiffs concede that their claims would be barred by *res judicata* were they seeking to retry the case, but are petitioning the court solely to modify and enlarge the judgment of the Massachusetts state court.

■ The attempt by Plaintiffs to have this court adjust the judgment awarded by the Massachusetts state court is barred by the *Rooker–Feldman* doctrine, which holds that lower federal courts lack jurisdiction to review final state court decisions. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker–Feldman* doctrine creates a jurisdictional obstacle to collateral review of final state court judgments in federal court. This doctrine "rests on the principle that district courts have only original jurisdiction; the full appellate jurisdiction over judgments of state courts in civil cases lies in the Supreme Court of the United States..." *GASH Associates v. Village of Rosemont, Illinois,* 995 F.2d 726, 728 (7th Cir.1993). "The doctrine prohibits the United States District Courts, with the exception of habeas corpus actions, from 'sit[ting] in direct review' of state court decisions." *Jordahl v. Democratic Party of Virginia,* 122 F.3d 192, 199 (4th Cir.

---

lished before trial commences by the dismissal of dispensable nondiverse parties. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 831, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989), *citing* Fed.R.Civ.P. 21; *see also Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 73, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). In light of the previous lawsuits involving the same transaction and occurrence, and the decision on the merits by the Massachusetts state court, Defendants cannot argue that Nworgu is an indispensable party to this suit. Therefore, the jurisdictional defect has now been cured by Nworgu's dismissal.

**3.** Furthermore, Leasecomm argues that Plaintiffs' claims should be barred by issue preclusion because, although this court did not reach the full merits of the case in the earlier action before this court, the court did determine that the forum selection clause in the lease applied and necessitated that the action be brought on Massachusetts court. A "judgment in [a] prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first suit." *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). In response, Plaintiffs collaterally attack the court's determination in its January 21, 2001, order that the forum selection clause should apply. However, the court need not reach this issue because, for reasons stated below, the claim will be dismissed pursuant to the *Rooker–Feldman* doctrine.

1997), *quoting Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. 1303. *Rooker–Feldman* is not a doctrine of preclusion, but of jurisdiction. *See GASH,* 995 F.2d at 728 (The *Rooker–Feldman* doctrine has nothing to do with the Full Faith and Credit Statute, 28 U.S.C. § 1728, which requires the federal court to give the same preclusive effect to state court judgments as the rendering state would). Accordingly, this court does not have jurisdiction to review or modify the judgment of the Massachusetts state court and Plaintiffs' complaint will be dismissed.[4]

### D. Bank's motion to dismiss

Bank moves to dismiss the complaint on multiple grounds. Even if Plaintiffs' claims against Bank were not barred by preclusion or, like Plaintiffs' claims against Leasecomm, by the *Rooker–Feldman* doctrine, they would fail because they are time-barred. Both parties agree that Maryland's general three-year statute of limitations applies to Plaintiffs' claims. Md. Code Ann., Cts. & Jud.Proc. Art. § 5–101. The statute of limitations is an affirmative defense that typically must be raised in a pleading under Fed.R.Civ.P. 8(c) and is not usually an appropriate ground for dismissal. However, under Maryland law, "[i]f the time bar—whether part of the cause of action itself or merely a condition to the remedy—is apparent on the face of the complaint, the complaint would indeed fail to state a claim *upon which relief can be granted.* A motion to dismiss would therefore be an appropriate, though not a necessary, way in which to assert that defense." *G & H Clearing and Landscaping v. Whitworth,* 66 Md.App. 348, 354, 503

A.2d 1379 (1986). The same standard is appropriate when applying the federal rules:

> Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.

*Brooks v. City of Winston–Salem, North Carolina,* 85 F.3d 178, 181 (4th Cir.1996), *citing Richmond F. & P. R.R. v. Forst,* 4 F.3d 244, 250 (4th Cir.1993). *See also* 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1357, at 352 (1990) ("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate). Therefore, the appropriate standard when analyzing the claim under Rule 12(b)(6) is whether it is clear from the face of the complaint that Plaintiffs' claims against Bank are time barred.

Plaintiffs allege that Bank acted "in concert" with Leasecomm and Nworgu in carrying out a scheme to defraud Plaintiffs. The actions imputed to Bank in this lawsuit are the same imputed to Leasecomm in the earlier lawsuits. The only allegation pertaining particularly to Bank is that Bank entered into a merchant processing agreement with Value City in conjunction with Leasecomm's lease on November 15, 1996. Plaintiff alleges that on December 3, 1996, Leasecomm delivered incomplete equipment and a page of a contract Plain-

---

4. A motion to dismiss for lack of subject matter jurisdiction properly is brought under Fed.R.Civ.P. 12(b)(1) as opposed to 12(b)(6). However, the court has an obligation to satisfy itself of its own subject matter jurisdiction and Leasecomm was not aware until Plaintiffs filed their opposition that Plaintiffs merely seek to alter or amend the Massachusetts state court judgment. Accordingly, dismissal is proper even though no motion was made under Rule 12(b)(1).

tiffs contend was never part of the agreement as negotiated. These transactions and occurrences in late 1996 are the basis for Plaintiffs claims against Leasecomm in this and the earlier suits and are now the basis for their claims against Bank. Accordingly, because this suit against Bank was not filed until January 11, 2002, well beyond the three year limitations period which began to accrue in late 1996, Bank contends Plaintiffs claims against it are barred.

■ Plaintiffs argue that the limitations period did not begin to accrue in 1996 because they did not discover that they had claims against Bank until two months prior to the filing of this lawsuit. Plaintiffs assert that they cannot be charged with notice of claims against Bank because they relied on statements by Leasecomm that Nworgu was the "vendor/dealer" and Leasecomm never informed Plaintiff that Bank was its "co-conspirator." In Maryland, the question of accrual in § 5–101 "is left to judicial determination." *Poffenberger v. Risser,* 290 Md. 631, 633, 431 A.2d 677 (1981), *citing Harig v. Johns–Manville Products,* 284 Md. 70, 75, 394 A.2d 299 (1978). Under the discovery rule, which is generally applicable to all claims in Maryland, "the cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger,* 290 Md. at 636, 431 A.2d 677. Even if Plaintiffs could argue that Leasecomm's representations to them regarding the identity of "co-consiprators" somehow foreclosed their duty diligently to investigate facts related to their claims, they are not entitled to the benefit of the discovery rule. Plaintiffs' lack of knowledge of the true identity of the equipment vendor is irrelevant to this case because Plaintiffs failed to file suit against Nworgu or any vendor of the equipment within the limitations period. Plaintiffs did not bring claims against Nworgu in any of the previous lawsuits despite purportedly being given the impression by Leasecomm that he, as opposed to Bank, was the vendor of the equipment. Therefore, the information Plaintiffs claimed to have recently discovered is irrelevant to their knowledge of potential claims against Bank. Accordingly, because, from the facts alleged in the complaint, any claims Plaintiffs could have brought against Bank arose in late 1996 and are now barred by the statute of limitations, the motion to dismiss will be granted.

## V. Conclusion

For the foregoing reasons, the court will deny Plaintiffs' motion for relief from judgment, grant Plaintiffs' motion to dismiss Benjamin K. Nworgu, and grant the motions to dismiss of Defendants Leasecomm and Bank. A separate order will be entered.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of August, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiffs' motion for relief from the court's January 29, 2001, order granting dismissal BE, and the same hereby IS, DENIED;

2. Plaintiffs' motion to dismiss Defendant Benjamin K. Nworgu pursuant to Fed.R.Civ.P. 41(a)(1) BE, and the same hereby IS, GRANTED;

3. The motion of Defendant Leasecomm Corp. to dismiss BE, and the same hereby IS, GRANTED;

4. The motion of Defendant Universal Savings Bank to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) BE, and the same hereby IS, GRANTED;

5. The complaint of Plaintiffs Tao and Vanilda Eniola BE, and the same hereby IS, DISMISSED; and

6. The Clerk transmit copies of the Memorandum Opinion and this Order to Plaintiff and counsel for Defendants and CLOSE this case.